IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

_____

| | |
|---|---|
| EARL D. STAFFORD, | |
| | CAUSE NO. CV 06-46-GF-SEH-RKS |
| Petitioner, | |
| vs. | **FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO** |
| MIKE MAHONEY, | **DISMISS HABEAS PETITION** |
| Respondent. | |

_____

This matter comes before the Court on Petitioner Earl D. Stafford's Petition filed under 28 U.S.C. § 2254 for Writ of Habeas Corpus (Document 1). Petitioner is challenging the sentence he received February 17, 2004 on three counts of incest. (Document 1, p. 2, ¶¶ 2-3). The Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 2241 and 2254.

Petitioner raises the following three grounds for relief: (1) that the state violated the Eighth Amendment ban against cruel and unusual punishment when it failed to follow its own statutes in sentencing him; (2) that his due process rights under the Fourteenth Amendment were violated; and (3) that he received ineffective assistance of counsel because his court appointed counsel misrepresented the maximum sentence he could receive.

On April 3, 2007, the Court determined that Mr. Stafford's petition was subject to

summary dismissal based upon procedural default. (Document 5).  Accordingly, the Court required Petitioner to file a brief showing cause and prejudice, or in the alternative a fundamental miscarriage of justice excusing his procedural default.  Petitioner filed his response to the Court's Order on May 1, 2007. (Document 6).

## ANALYSIS

The Court found that Petitioner's first and second claims were procedurally defaulted pursuant to Mont. Code Ann. § 46-21-105(2) because the Montana Supreme Court found that these issues could have raised on direct appeal but were not and therefore could not be raised in a petition for post-conviction relief.  The Court also found that Petitioner would be time barred from pursuing his ineffective assistance of counsel claim in state court.

Generally, "cause" for a procedural default exists if the petitioner can show that some objective factor external to the defense impeded his efforts to comply with the state procedural rule.  Murray v. Carrier, 477 U.S. 478, 488 (1986).  Objective factors that constitute cause include interference by officials that makes compliance with the state's procedural rule impracticable, a showing that the factual or legal basis for a claim was not reasonably available to counsel, or constitutionally ineffective assistance of counsel.  Id.

Petitioner argues that "his three grounds should be allowed to proceed because they have not been adequately considered by the Montana State Courts and that the lack of a federal review would actually inhibit the petitioner's ability to achieve judicial consideration commensurate with the Constitutions of the state of Montana and the United States." (Document 6, p. 3). Petitioner argues that "because the violations are a clear cut error that they do not adhere to the

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS HABEAS PETITION / PAGE 2

general federal guidelines for available remedies." (Document 6, p. 4). He also argues that he did not know that he had to raise his ineffective claim in state court.

Basically, Petitioner has simply reargued the merits of his claims. Despite his arguments to the contrary, there is no exception to the exhaustion doctrine for "clear cut" or "actual" errors. Petitioner does not make the requisite showing of an objective factor external to his defense which impeded his efforts to comply with the state procedural rules, a showing that the factual or legal basis for a claim was not reasonably available to counsel, or constitutionally ineffective assistance of counsel. Murray, 477 U.S. at 488. Accordingly, the Court concludes that Petitioner failed to show cause for the default of his claims and the Court need not consider the prejudice element of the analysis. Thomas v. Lewis, 945 F.2d 1119, 1123 n.10. (9th Cir. 1991).

Petitioner does not argue that his procedurally defaulted claims are excused by the fundamental miscarriage of justice exception.

## CONCLUSION

Upon review of the record and Petitioner's briefing the Court finds that Petitioner's claims are procedurally defaulted. Furthermore, Petitioner's arguments fail to establish either cause and prejudice, or the fundamental miscarriage of justice exception to the default of those claims. Therefore, the petition should be dismissed.

Based on the foregoing, the Court enters the following:

## RECOMMENDATION

Mr. Stafford's Petition for Writ of Habeas Corpus (Document 1) should be **DISMISSED** based upon procedural default.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT**

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within twenty (20) days of the date entered as indicated on the Notice of Electronic Filing.[1]  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

**PETITIONER IS CAUTIONED THAT HE MUST KEEP THE COURT ADVISED OF ANY CHANGE OF ADDRESS AND A FAILURE TO DO SO COULD RESULT IN A DISMISSAL OF THIS CAUSE OF ACTION WITHOUT FURTHER NOTICE TO HIM.**

DATED this 18th day of June, 2007.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge

---

[1] In prisoner cases, this Court extends the time to object to twenty days in order to take into account the somewhat greater mailing time that is involved in sending documents into and out of a prison facility.

FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DISMISS HABEAS PETITION / PAGE 4